IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


PAUL VOSS                                                                          PLAINTIFF

vs.                              Civil No. 1:15-cv-01001

HOUSING AUTHORITY OF THE CITY
OF MAGNOLIA, AR, *et al*                                                  DEFENDANTS


## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendants, Housing Authority of the City of Magnolia, Arkansas, (Housing Authority) and Richard Wyse, (Wyse) Individually and in his Official Capacity, as Executive Director of Housing Authority of the City of Magnolia, Arkansas Motion To Dismiss.  ECF No. 7. Plaintiff filed a response to this motion.  ECF No. 10.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this motion to this Court for the purpose of making a report and recommendation.  This Court, having reviewed the parties arguments and briefing, recommends Defendants, Motion To Dismiss (ECF No. 7) be **GRANTED IN PART and DENIED IN PART.**

## 1. Background

On January 5, 2015, Plaintiff filed a Complaint against Defendants alleging a hostile work environment and retaliation for reporting unlawful race discrimination in the practices of the Housing Authority; discrimination; hostile work environment and retaliation based on perceived disabilities; and violations of his due process and equal protection rights.  ECF No. 1.  Plaintiff alleged causes of action for violations of Americans with Disability Act (ADA); Arkansas Civil Rights Act (ACRA); and violations of his Due Process and Equal Protection pursuant to 42 U.S.C. § 1983.  *Id.*  On May 21,

2015, Defendants filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).   ECF. No. 7.   Defendants also alleged Plaintiff's ADA claims should be dismissed for failure as untimely and his claims against Defendant Wyse should be dismissed based on based on an assertion of Qualified Immunity.   *Id.*   Plaintiff responded to this motion on June 8, 2015.   ECF No. 10.

**2.   Applicable Law**

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must presume the alleged facts are true and determine whether they are sufficient to raise more than a speculative right to relief.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).   The Court does not, however, accept as true any allegation that is a legal conclusion.   *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009).   The complaint must have a short and plain statement of the claim showing that the plaintiff is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.   *Twombly,* 550 U. S. at 555. While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient.   *Twombly*, 550 U.S. at 556.

The complaint must set forth enough facts to state a claim to relief that is plausible on its face. *Braden v. Wal–Mart Stores,* Inc., 588 F.3d 585, 594 (8th Cir.2009).   In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."   *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim.   *See Nusku v. Williams*, 490 U.S. 319, 327 (1989).

**3.  Discussion**

**A.  Count 1, the ADA and ACRA Claims**

Defendants first argue the claim of Plaintiff based on a violation of the ADA was not timely filed and thus should be dismissed.  Defendants argue the Plaintiff had until January 1, 2015 to file his complaint but it was not filed until January 5, 2015. However, Defendants' assertion is incorrect, and the Complaint was timely filed.  Rule 6 of the Federal Rules of Civil Procedure provides for an automatic extension of time when the last day for filing falls on certain days when the clerk's office is unavailable.  Fed. R. Civ. P. 6(a)(3) and (5).  Thursday, January 1st, was a Legal Holiday during which the clerk's office was closed. Friday, January 2nd, the clerk's office was unavailable, because it was closed.  January 3rd and 4th, were the weekend.  Thus, January 5, 2015, was the first accessible day that is not a Saturday, Sunday, or legal holiday. Therefore, the Complaint was timely filed according to the Rules of Civil Procedure.

**i. ADA**

In Count I, Plaintiff alleges claims of disability discrimination.  ECF No.1.  To set out a prima facie case of disability discrimination under the ADA, Plaintiff must plead facts that show: (1) an ADA qualifying disability; (2) qualifications to perform the essential functions of his position with or without reasonable accommodation; and (3) an adverse employment action due to his disability. *Norman v. Union Pacific Railroad Co.*, 606 F.3d 455, 459 (8th Cir. 2010).

In his complaint, Plaintiff sets out facts that state a plausible claim for discrimination under the ADA.  Specifically, Plaintiff alleges he was perceived as disabled because of prescription medication he used and PTSD; that Defendant perceived him as disabled; and he had been performing his job for fourteen years and nothing in his history suggested he could not perform his job duties.  Plaintiff alleges he suffered harassment, improper displacement, and unreasonable demands and restrictions,

as a result of his perceived disability.  Assuming the facts alleged are true, a reasonable fact finder could make the inference that Defendants are liable under the ADA.

### ii. ACRA

Plaintiff also alleges Defendants violated the ACRA because they perceived him as being disabled, and that perception was a motivating factor in his termination.  Plaintiff does not allege he was actually disabled.

This claim is subject to dismissal because the ACRA does not provide a cause of action for perceived disabilities.  *Faulkner v. Ark. Children's Hosp.*, 69 S.W.3d 393, 402 (Ark. 2002); *see also Wang v. Walmart Stores, Inc.*, 424 Fed. Appx. 608, 609 (8th Cir. 2011).  The Act simply does not contemplate claims by individuals who are "regarded as" having a disability by others.  *Faulkner*, 69 S.W.3d at 401 (referencing Ark. Code. Ann. §§ 16-123-101, 16-123-102(3), and 16-123-107(a)(1)).  "In this respect, the Arkansas Civil Rights Act differs materially from the federal Americans with Disabilities Act." *Id.*  Accordingly, Plaintiff has failed to state a claim for relief under the ACRA, and this claim must be dismissed.

### iii. Individual liability under ADA and ACRA

Plaintiff has brought claims against Defendant Wyse Individually and in his Official Capacity, as Executive Director of Housing Authority of the City of Magnolia, Arkansas.  The ADA provides for liability on the part of the employer for violations of its provisions; Supervisors cannot be held liable in their individual capacity.  *Sullivan v. River Valley School Dist.,* 197 F.3d 804, 808 (6th Cir. 1999)("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."); *Baird v. Rose,* 192 F.3d 462, 472 (4th Cir. 1999)("Because Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA

4

actions, the ADA does not permit an action against individual defendants for retaliation for conduct

protected by the ADA."). Allegations under the ACRA are analyzed in the same manner as Title VII

claims. *Clegg v. Ark. Dept. of Corr.*, 496 F.3d 922, 926 (8th Cir.2007). Therefore, Plaintiff's ADA

and ACRA claims against Wyse individually should be dismissed.

### B. Count 2 Constitutional Claims

Although not plead with precision, it appears Plaintiff is alleging a procedural due process and

an equal protection violation. Plaintiff alleges his due process rights were violated "by arbitrarily

placing him on leave", "for delaying his pay during that leave", "constructive termination" and

"diminishing of his job capacity."[1] ECF No. 1. Plaintiff also states the conduct of the Defendants

deprived him the equal protection of the laws guaranteed under the Fourteenth Amendment of the

United States Constitution. *Id.*

### i. Due Process

The question of whether a plaintiff in a due process claim has a legitimate entitlement to

continued employment is resolved by the law of the state where he was employed. *Board of Regents

v. Roth,* 408 U.S. 564, 577 (1972). Under Arkansas law, which applies in this case, "[t]he general rule

is that 'when the term of employment in a contract is left to the discretion of either party, or left

indefinite, or terminable by either party, either party may put an end to the relationship at will and

without cause'.*" City of Huntington v. Mikles*, 96 Ark. App. 213, 240 S.W.3d 138 (2006). Arkansas

does, however, recognize several exceptions to the at will doctrine.

While the Complaint does not specifically so allege, it appears Plaintiff does not contend he

had a contract for a definite term. He couches his arguments in terms of exceptions to the employment

---

[1]The Court construes "diminishing of his job capacities" as reduction of his job responsibilities based on a
perceived disability.

at will doctrine, including exceptions based on the existence of policies and procedures that Defendants failed to implement. These policies are not before the Court on this Motion to Dismiss, and the Court cannot say Plaintiff can prove no set of facts in support of his due process claim which would entitle him to relief. For this reason, the Court concludes the Motion to Dismiss as to the Due Process claims should be denied.

### ii. Equal Protection

Plaintiff also states in his Complaint the conduct of the Defendants deprived him the Equal Protection of the laws guaranteed under the Fourteenth Amendment of the United States Constitution. The Equal Protection Clause requires that the government treat similarly situated persons alike. Therefore, to state an equal protection claim, it is essential that a plaintiff allege that he was treated differently than others who are similarly situated to him. *Keevan v. Smith*, 100 F.3d 644, 648 (8th Cir.1996). Plaintiff does not allege he was treated differently than similarly-situated employees, thus he fails to present a viable equal protection claim.

For this reason, the Court concludes the Motion to Dismiss as to the alleged Equal Protection claims should be granted.

### iii. Qualified Immunity

Defendant Wyse argues he is entitled to qualified immunity from Plaintiff's claims. Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v.*

*Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.")

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001). Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

In this matter, Plaintiff has alleged a Title VII retaliation claim for reporting discriminatory conduct. ECF No. 1. According to Plaintiff, after reporting the unlawful discrimination he was subjected to an intimidating, hostile, and offensive work environment. *Id.* Title VII prohibits an employer from retaliating against an employee because he has "made a charge" of unlawful discrimination or has "participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Cross v. Cleaver*, 142 F.3d 1059, 1071 (8th Cir. 1998) (quoting 42 U.S.C. § 2000e-3(a)).

Although Plaintiff does not specifically state a violation of his First Amendment rights, this court will infer at this stage that such retaliation claim was an alleged violation of his First Amendment rights. Therefore, the Court finds, based on its limited role on a motion to dismiss, that Defendant Wyse is not entitled to qualified immunity at this time.

### C. Retaliation

Plaintiff alleges he was retaliated against for reporting discriminatory actions on the part of

Defendants in their treatment of white residents versus black residents.  According to Plaintiff, after reporting the unlawful discrimination he was subjected to an intimidating, hostile, and offensive work environment.  *Id.*  Courts generally apply the same analytical framework to retaliation claims brought under Title VII, § 1983, and the ACRA.  *See Hill v. City of Pine Bluff, Ark.*, 696 F.3d 709, 716 (8th Cir. 2012).  At base, these laws prohibit an employer from discriminating against an employee or applicant for employment "because he has made a charge" of discrimination against the employer.  42 U.S.C. § 2000e-3(a); *Tyler v. Univ. of Ark. Bd. of Trustees*, 628 F.3d 980, 985 (8th Cir. 2011); see also Ark. Code Ann. § 16-123-108(a).  The McDonnell Douglas analytical framework applies to retaliation claims.  *Tyler*, 628 F.3d at 985.  To show a prima facie case of retaliation, a plaintiff generally must show that "'(1) the plaintiff engaged in protected conduct, including opposition to an action prohibited by [antidiscrimination laws]; (2) [she] was subjected to an adverse employment action[;] and (3) there is a causal nexus between the protected conduct and the adverse action.'"  *Id.* (quoting *Lewis v. Heartland Inns of Am., LLC*, 591 F.3d 1033, 1042 (8th Cir.2010)).

Here, the complaint states a claim against Defendants for retaliating against Plaintiff for exercising his first amendment rights and reporting discriminatory acts on the part of the Defendants, and, accepting Plaintiff's statements as true, a genuine dispute of fact exists as to each element of the retaliation claim.  For this reason, the Court concludes the Motion to Dismiss as to the Retaliation claim should be denied.

**4. Conclusion**

Based upon the foregoing, this Court recommends the Motion to Dismiss (ECF No. 7) as to the ADA, Due Process, and Retaliation claims should be **DENIED** and as to the ACRA and Equal Protection claims should be **GRANTED**; and the Motion to Dismiss as to Plaintiff's ADA and ACRA claims against Defendant Wyse individually should be **GRANTED**.  Further, this Court recommends

a finding that Defendant Wyse is not entitled to qualified immunity and that the Complaint was timely filed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 5th day of November 2015.**

s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE