IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PAUL VOSS                                                                                              PLAINTIFF

V.                                         Case No. 15-cv-1001

HOUSING AUTHORITY OF THE CITY
OF MAGNOLIA, AR, *et al.*                                                                    DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed November 5, 2015, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 16. Judge Bryant recommends that Defendants' Motion to Dismiss (ECF No. 7) be granted in part and denied in part. Defendants have responded with timely objections. ECF No. 17. Plaintiff has filed a response to Defendants' objections. ECF No. 18. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

Plaintiff is a resident of Magnolia, Arkansas, and was employed by Defendant Housing Authority, a municipal agency, as a maintenance supervisor for approximately fourteen years. Defendant Richard Wyse is the Executive Director of the Housing Authority, and Plaintiff alleges that Defendant Wyse was the director when a substantial part of the events, acts, and omissions giving rise to this lawsuit occurred. Plaintiff sues Defendant Wyse in his individual and official capacities.[1]

---

[1] Under 42 U.S.C. §1983, all claims against Defendant Wyse in his official capacity are construed as claims against the Housing Authority. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official.)

Plaintiff alleges that he told Defendant Wyse about discriminatory practices at the Housing Authority.[2] Plaintiff claims that, in response to that discussion, Defendant Wyse verbally reprimanded Plaintiff, intimidated him, and persistently denigrated him. On approximately March 13, 2014, Plaintiff was suspended from his position without pay so that the Housing Authority could investigate a positive prescription drug screen result. On May 14, 2014, Plaintiff returned to work and allegedly informed Defendant Wyse of some health issues. As a result, Plaintiff claims that the Housing Authority severely restricted his job duties.

Plaintiff filed suit against Defendants alleging the following causes of action: (1) disability discrimination pursuant to the Americans with Disabilities Act ("ADA"); (2) disability discrimination pursuant to the Arkansas Civil Rights Act ("ACRA"); (3) violation of procedural due process, presumably brought pursuant to 42 U.S.C. § 1983; (4) violation of the Fourteenth Amendment's Equal Protection Clause of the United States Constitution; (5) and Title VII retaliation. Defendants filed a Motion to Dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7. The Court referred the motion to the magistrate judge for the purpose of making a Report and Recommendation.

The magistrate judge recommended that the following claims should be dismissed: Plaintiff's ADA and ACRA claims against Defendant Wyse in his individual capacity; Plaintiff's ACRA claim against Defendant Housing Authority of the City of Magnolia, Arkansas ("Housing Authority"); and Plaintiff's equal protection claim. The magistrate judge further recommended that Plaintiff's ADA claim, Plaintiff's retaliation claim against the Housing Authority, and Plaintiff's due process claim should not be dismissed. The magistrate judge inferred that Plaintiff had stated a First Amendment retaliation claim and found that Defendant Wyse is not entitled to qualified immunity. Defendants have filed objections to the following findings and

---

[2] It is not clear from Plaintiff's complaint when this discussion took place.

recommendations: Plaintiff's due process claims should not be dismissed; Plaintiff has sufficiently stated a First Amendment retaliation claim; and Defendant Wyse is not entitled to qualified immunity.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" so that Defendant will have "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). "[W]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotations and citations omitted). The complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," but in contrast, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 556–67). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 664.

## III. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), the Court will conduct a *de novo* review of all issues related to Defendants' specific objections. Defendants points out in their objections that the

Report and Recommendation does not address whether Plaintiff has sufficiently pled that he was deprived of a constitutionally protected liberty interest or whether Plaintiff's Title VII retaliation claim against Defendant Wyse in his individual capacity should be dismissed. These issues have been briefed by the parties, and the Court will address them in this Order, along with Defendants' objections to the issues that were addressed in the Report and Recommendation.

    A.  Due Process

The magistrate judge recommended that Plaintiff's due process claim should not be dismissed. Defendants, however, argue that Plaintiff's due process claim should be dismissed because the complaint does not allege a sufficient property interest. Although Plaintiff's claim is not artfully pled, the Court agrees with the magistrate judge that Plaintiff's due process claim based on a protected property interest should not be dismissed.

The Due Process Clause of the Fourteenth Amendment provides that, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Plaintiff alleges that Defendants "violated the Plaintiff's due process rights by arbitrarily placing him on leave and for delaying his pay during that leave." ECF No. 1, p. 9. Plaintiff further alleges that "Defendants' wrongful constructive termination of the Plaintiff and diminishing his job capacity violated the due process rights of the Plaintiff." ECF No. 1, p. 9.

The Court agrees with the magistrate judge that it appears that Plaintiff is alleging a procedural due process claim. "A government employee is entitled to procedural due process only when he has been deprived of a constitutionally protected property or liberty interest." *Winegar v. Des Moines Indep. Cmty. Sch. Dist.*, 20 F.3d 895, 899 (8th Cir. 1994). A person must have a legitimate claim of entitlement to his employment to have a property interest in it." *Id.*

"Whether an employee's interest in [his] job rises to the level of a constitutionally protected property right is a question of state law." *Allen v. City of Pocahontas*, 340 F.3d 551, 555 (8th Cir. 2003). Typically a property interest arises from contractual or statutory limitations on the employer's ability to terminate an employee. *Winegar*, 20 F.3d at 899. "A property interest in employment can also be created by implied contract, arising out of customs, practices, and de facto policies." *Id.*

Here, Plaintiff's complaint makes no reference to an express contract provision or an Arkansas statute that would give rise to a protected property interest in his continued employment. Plaintiff's complaint, however, generally references "policies and procedures" of the Housing Authority that allegedly deprived him of his constitutional rights. It appears that Plaintiff is claiming a property interest based upon the existence of an implied contract extrapolated from policies and procedures of the Housing Authority. Accordingly, the Court finds that Plaintiff's procedural due process claim based on the alleged deprivation of a constitutionally protected property interest is sufficiently pled.

The magistrate judge's Report and Recommendation (ECF No. 16) does not address whether Plaintiff has sufficiently pled a procedural due process claim in connection with a protected liberty interest. Defendants argue that any such claim should be dismissed. To set forth a procedural due process claim, a plaintiff must first establish that his protected liberty interest is at stake. *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 817 (8th Cir. 2011). "An employee's liberty interests are implicated where the employer levels accusations at the employee that are so damaging as to make it difficult or impossible for the employee to escape the stigma of those charges." *Winegar*, 442 F.3d at 1110.

In the present case, Plaintiff's complaint states that "the actions of Defendant Wyse were objectively unreasonable and constituted an unreasonable deprivation of liberty and property interests of the Plaintiff without due process of law in violation of the Fourteenth Amendment." ECF No. 1, p. 9. Plaintiff does not identify the liberty interest of which he was allegedly deprived, and he makes no allegations regarding actions or conduct by Defendants that deprived him of such interest. Plaintiff's only hint at a liberty interest is through the conclusory allegation that Plaintiff was deprived of one. Absent from the complaint is any allegation of Defendants leveling any type of damaging accusations at Plaintiff. The complaint contains no factual allegations regarding damage to Plaintiff's reputation. Thus, the Court finds that Plaintiff's claim that he was deprived of a constitutionally protected liberty interest is not sufficiently pled.

B. Retaliation

Defendants object to the magistrate judge's finding that Plaintiff has set forth a cause of action for retaliation in connection with the First Amendment. According to Defendants, they did not move to dismiss any First Amendment retaliation claim because they did not discern any such claim in Plaintiff's complaint. The magistrate judge noted that Plaintiff's complaint "does not specifically state a violation of his First Amendment rights." ECF No. 16. The magistrate judge, however, stated that he would "infer at this stage" a claim that Defendants retaliated against Plaintiff for exercising his free speech rights under the First Amendment.

To establish a free speech retaliation claim, a plaintiff must prove that he engaged in protected activity and that this activity was a substantial or motivating factor in his employer's decision to terminate him. *McCullough v. Univ. of Ark. for Medical Sciences*, 559 F.3d 855, 855 (8th Cir. 2009). Plaintiff does not allege that he engaged in any activity that was protected by the First Amendment. In fact, Plaintiff does not mention the First Amendment anywhere in his

complaint. It appears that Plaintiff's retaliation claim, which is set forth in the complaint under "Count III – Retaliation," is premised on alleged retaliation pursuant to "Title VII . . . for reporting of discriminatory conduct." ECF No. 1, p. 10. Plaintiff states that "[t]he acts and failures to act of Defendant, by and through its supervisory agents and employees, constitute unlawful conduct proscribed by 42 U.S.C. § 2000e *et seq.*" ECF No. 1, p. 11. In the retaliation section of his complaint, Plaintiff alleges a Title VII retaliation claim for reporting discriminatory conduct, which is conduct that is statutorily protected. Nowhere in the complaint does Plaintiff allege that his retaliation claim is based on a violation of his First Amendment Rights. Accordingly, the Court finds that Plaintiff has not sufficiently pled a First Amendment retaliation claim, and the Court declines to adopt the sections of the Report and Recommendation that infer such a claim.

### C.  Individual Liability Under Title VII

In Defendants' brief in support of their Motion to Dismiss, they argue that Plaintiff's Title VII retaliation claim against Defendant Wyse in his individual capacity must be dismissed because individual employees cannot be personally liable under Title VII. ECF No. 8, p. 16. The Report and Recommendation, however, does not address this argument raised by Defendants. Title VII claims, such as the claims Plaintiff asserts in this case, are applicable to employers, not to individuals. *See Van Horn v. Best Buy Stores, L.P.,* 526 F.3d 1144, 1147 (8th Cir.2008) (noting that Title VII provides for actions against employers and not supervisors); *Powell v. Yellow Book USA,* 445 F.3d 1074, 1079 (8th Cir.2006) ("Title VII addresses the conduct of employers only and does not impose liability on coworkers [.]"). Plaintiff has brought claims against Defendant Wyse individually and in his official capacity. However,

Plaintiff's Title VII retaliation claims against Defendant Wyse in his individual capacity must be dismissed because there is no individual liability under Title VII.

### D.  Qualified Immunity

The doctrine of qualified immunity protects government actors from personal liability under a Section 1983 claim "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Two questions are considered in determining whether officials are protected by qualified immunity: (1) whether the facts alleged, viewed in the plaintiff's favor, support a finding that the conduct of the defendants violated a constitutional right; and (2) whether that constitutional right was "clearly established" at the time of the incident such that a reasonable officer would have known that his or her actions were unlawful.  *Id.,* 555 U.S. at 232.

In the present case, the magistrate judge recommends that the Court deny qualified immunity as to Defendant Wyse because (1) Plaintiff has alleged a Title VII retaliation claim;[3] and, (2) a cause of action for First Amendment retaliation is inferred at this stage of the litigation.  ECF No. 19, p. 7 and 9.  The Court, however, has determined that the Title VII retaliation claim against Defendant Wyse in his individual capacity should be dismissed, and the Court also finds that Plaintiff's First Amendment retaliation claim should be dismissed.  Thus, there is no need for the Court to consider whether Defendant Wyse is entitled to qualified

---

[3] The Court notes that qualified immunity protects government actors from personal liability under a Section 1983 claim.  Thus, whether Plaintiff has alleged a Title VII retaliation claim is not relevant to the qualified immunity issue.

immunity as to these two claims. Accordingly, the Court declines to adopt the magistrate judge's recommendation that Defendant Wyse is not entitled to qualified immunity.[4]

### IV. CONCLUSION

For the reasons stated above, the Court adopts the Report and Recommendation (ECF No. 16) with the exception of any recommendations or findings regarding a First Amendment retaliation claim and the issue of qualified immunity. Defendants' Motion to Dismiss (ECF No. 7) as to the following claims is **DENIED**: Plaintiff's ADA claim against the Housing Authority; all of Plaintiff's procedural due process claims based on the alleged deprivation of a constitutionally protected property interest, and Plaintiff's Title VII Retaliation claim against the Housing Authority. Defendants' Motion to Dismiss (ECF No. 7) as to the following claims is **GRANTED**: Plaintiff's ADA claim and Title VII retaliation claim against Defendant Wyse individually; all of Plaintiff's ACRA claims, all of Plaintiff's equal protection claims; all of Plaintiff's procedural due process claims based on the alleged deprivation of a constitutionally protected liberty interest; and all of Plaintiff's First Amendment retaliation claims.

IT IS SO ORDERED, this 23rd day of March, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[4] The Report and Recommendation did not address whether Defendant Wyse is entitled to qualified immunity regarding Plaintiff's procedural due process claim. Defendant Wyse is allowed to assert at a later time, circumstances permitting, that he is entitled to qualified immunity regarding Plaintiff's procedural due process claim.