IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PAUL VOSS                                                                                PLAINTIFF

v.                                  Case No. 1:15-cv-01001

HOUSING AUTHORITY OF THE
CITY OF MAGNOLIA, ARKANSAS, *et al.*                              DEFENDANTS

MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed by Defendants. ECF No. 24. Plaintiff has filed a response (ECF No. 29),[1] and Defendants have filed a reply. ECF No. 31. The Court finds this matter ripe for consideration.

BACKGROUND

Defendant, the Housing Authority of the City of Magnolia, Arkansas ("Housing Authority"), employed Plaintiff Paul Voss for approximately fourteen years. Voss held the position of maintenance supervisor at all times relevant to this lawsuit. He was responsible for the technical supervision of maintenance activities for low-rent housing developments. In performing his duties, Voss drove a Housing Authority pickup truck and occasionally operated Housing Authority equipment, such as a backhoe, tractor, and lawnmower. Voss also purchased supplies from vendors. Voss reported directly to Defendant Richard Wyse, Executive Director of the Housing Authority.

On February 25, 2014, all Housing Authority employees who were present were drug tested. Voss failed the drug test because he tested positive for opiates/morphine. On March 13,

---

[1] The Court notes that Plaintiff did not file a statement of the material facts as to which he contends a genuine dispute exists to be tried. *See* Local Rule 56.1(b). Instead, Plaintiff stated that he "generally denies all statements" contained in Defendants' Statement of Undisputed Material Facts. ECF Nos. 26 and 30.

2014, Executive Director Wyse informed Voss that he had failed the drug test and suspended Voss without pay.

The next day, Voss emailed Wyse a copy of Voss's hydrocodone prescription. Because Voss was taking hydrocodone at the time of the testing, the drug test was positive for opiate/morphine. In an email response, Wyse thanked Voss for providing a copy of the prescription and asked that Voss provide a letter from his team of healthcare professionals acknowledging the prescription and stating whether any side effects of the prescribed medication could hinder Voss's ability to perform his work duties. Voss did not respond to the email.

On March 24, 2014, Wyse sent Voss a letter again asking for an acknowledgement from Voss's healthcare professionals that Voss had been prescribed the medication. The letter also requested that Voss's healthcare professionals describe how and when Voss took the prescription and state whether any side effects of the prescribed medication could hinder Voss's ability to perform his work duties. Voss received the letter but did not respond.

On April 1, 2014, the Magnolia city attorney mailed Voss a letter requesting that Voss provide the Housing Authority with the previously requested information regarding his prescription. The letter noted that Voss's pay was reinstated, retroactively, and that a suspension with pay could not be indefinite. By letter dated April 14, 2014, Voss again was instructed to provide the Housing Authority with the requested information by April 18, 2014. The letter further instructed Voss to return to work no later than April 21, 2014. Voss did not respond to the letter and did not return to work. On April 23, 2014, the city attorney informed Voss that if he did not provide the Housing Authority with the information regarding his prescription by May 5, 2014, the Housing Authority would terminate his employment. Voss did not respond to the letter or provide the requested information to the Housing Authority.

On May 5, 2014, the city attorney sent Voss another letter informing him that Wyse accepted his explanation for the drug screen results and wished for Voss to return to work. The letter requested that Voss return to work no later than May 12, 2014. Voss did not return to work that day, but he did call in sick. Voss returned to work on May 14, 2014.

After Voss returned to work, he met with Wyse. Voss had not submitted a physician's statement indicating that he could safely perform his job duties while taking hydrocodone. Thus, Voss was restricted from operating the Housing Authority's vehicles and equipment pending receipt of the requested information regarding the hydrocodone prescription. Wyse informed Voss that, because of funding issues, he was not to place any orders for supplies without advanced approval from Wyse.

Voss claims that he told Wyse at the May 14 meeting that he had a 70% rating,[2] that he had arthritis and sciatica, and that there were things he used to be able to do that he could not do now. Voss cannot recall what exactly he told Wyse he was unable to do, and Voss does not claim that Wyse made him do any of these unnamed activities or duties.

Voss worked on May 15 and May 16, 2014. On May 19, Voss left a resignation letter in Wyse's office while Wyse was out. Voss claims that he resigned because he could not stand the restrictions regarding operating vehicles and equipment pending the receipt of the requested information, because he was unable to make purchases without Wyse's approval, and because Wyse had called him once on his company provided cellphone and told him to get back to work.

Before Voss had returned to work, on May 6, 2014, he signed a charge of discrimination that was filed with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 24-4. Voss alleged that he was placed on suspension and discharged because he refused to provide a copy of all his prescription medications. On May 16, 2014, Voss signed an amended charge of

---

[2] The Court assumes that Voss was referring to a service-connected disability rating.

discrimination that was filed with the EEOC. ECF No. 24-5. Voss alleged that he was suspended and threatened with termination because he did not provide the Housing Authority with the requested information regarding his prescription. The amended charge stated that Wyse asked Voss whether he had filed an EEOC complaint. In the "discrimination based on" section in the amended charge, Voss checked the boxes for disability and retaliation.

The EEOC issued a right-to-sue letter on September 30, 2014. ECF No. 1-1. On January 5, 2015, Voss filed the present lawsuit. In a March 23, 2016 order, the Court dismissed some of Voss's claims. ECF No. 20. The order stated that the remaining claims are as follows: (1) Voss's claim that the Housing Authority discriminated against him because of a perceived disability; (2) Voss's due process claim that he was deprived of a constitutionally protected property right; and (3) Voss's claim that he was retaliated against for reporting discriminatory conduct in violation of Title VII. ECF No. 20, p. 9. The Housing Authority and Wyse assert that they are entitled to summary judgment on all of the remaining claims.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir.1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986).  A fact is material only when its resolution affects the outcome of the case.  *Anderson*, 477 U.S. at 248.  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Id*.  The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial.  *Krenik*, 47 F.3d at 957.  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial.  *Anderson*, 477 U.S. at 256.

## DISCUSSION

The Court will address whether summary judgment is warranted on each of Voss's remaining claims:  (1) the Housing Authority discriminated against him because of a perceived disability; (2) the Housing Authority and Director Wyse deprived him of a constitutionally protected property right; and (3) the Housing Authority retaliated against him for reporting discriminatory conduct in violation of Title VII.

### A.  ADA Discrimination

Voss alleges that the Housing Authority discriminated against him based upon a perceived disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§§ 12101, *et seq*. To establish a *prima facie* case of disability discrimination, Voss must show the following: (1) he was regarded as disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Pittari v. Am. Eagle Airlines, Inc.*, 468 F.3d 1056, 1061 (8th Cir. 2006); *see also* 42 U.S.C. § 12102(1)(C). An individual is regarded as disabled if he has been discriminated against "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). An adverse employment action is described as "a material employment disadvantage, such as a change in salary, benefits, or responsibilities." *See Singletary v. Mo. Dep't. of Corr.*, 423 F.3d 886, 891 (8th Cir. 2005) (citations omitted).

### 1. Regarded as Disabled

Voss argues in his response to the summary judgment motion that the Housing Authority regarded him as disabled after being informed that he had PTSD and took a prescription medication for this condition. ECF No. 29, p. 9. In his deposition, Voss testified that he told Director Wyse during a May 14, 2014 meeting that Voss "had a 70 percent rating, which [Wyse] may or may not understand what that means." ECF No. 24-2, p. 47. Voss also testified he told Wyse that he had arthritis and sciatica. ECF No. 24-2, p. 47. Voss has offered no evidence that he ever told Wyse or anyone else at the Housing Authority that he suffered from PTSD. Further, Voss does not allege when the Housing Authority became aware that he suffered from PTSD. Wyse stated in his affidavit that on March 13, 2014, the day Voss was suspended, Wyse had no knowledge of any condition that might constitute a disability and did not regard Voss as disabled. ECF No. 24-1, p. 3. Wyse also stated that, even after the May 14, 2014 meeting, he

never regarded Voss as disabled. ECF No. 24-1, pp. 3 and 5. Voss offers no evidence to dispute Wyse's assertion that he did not regard Voss as disabled. Thus, there is no evidence from which a reasonable factfinder could conclude that Wyse regarded Voss as disabled. Accordingly, summary judgment is warranted on the disability discrimination claim.

### 2. Adverse Employment Action

Alternatively, summary judgment is warranted on the disability discrimination claim because Voss cannot show that he suffered an adverse employment action due to a perceived disability. In his response to the summary judgment motion, Voss argues that his suspension and the reduction of his work responsibilities were adverse actions taken against him because of a perceived disability.[3]

Voss argues that he was suspended because of a perceived disability.[4] However, there is no evidence that Wyse knew of any possible disability prior to the May 14, 2014 meeting. Thus, Voss cannot show that any alleged adverse action occurring prior to May 14, 2014, including the March 13, 2014 suspension, was because of a perceived disability.

### 3. Administrative Exhaustion

In his complaint, Voss states that the Housing Authority discriminated against him by "subject[ing] him to harassment and a hostile work environment based on a perceived disability." ECF No. 1, p. 7. The complaint further states that the restrictions placed on Voss's job duties "constituted a demotion" and that the Housing Authority's "harassment and mistreatment of [Voss] constituted a constructive termination." ECF No. 1, p. 8. The Court and the Housing

---

[3] In the amended charge of discrimination, Voss does not state that his work responsibilities were restricted.

[4] For the purpose of this analysis, the Court assumes without deciding that Voss's suspension qualifies as an adverse employment action. The Court notes that Voss received pay for all of the time he was off work and received a raise during his leave. *See Singletary v. Mo. Dep't. of Corr.*, 423 F.3d 886, 891 (8th Cir. 2005) (being placed on administrative leave pending an investigation is not an adverse employment action because plaintiff "maintained his pay, grade, and benefits").

Authority interpret these statements as Plaintiff's attempt to make an ADA hostile work environment claim, demotion claim, and constructive discharge claim. The Housing Authority moves for summary judgment on these claims on the basis that Voss failed to exhaust his administrative remedies, as the amended charge of discrimination does not mention hostile work environment, demotion, or constructive discharge.

Like Title VII, under the ADA, a plaintiff must follow administrative remedies by timely filing a charge of discrimination with the EEOC before filing suit in federal court. *See* 42 U.S.C. §§ 12117 and 2000e-5(e); *see also Brant v. Principal Life & Disability Ins. Co.*, 6 Fed. Appx. 533, 535 (8th Cir. 2001) (holding that the district court properly dismissed plaintiff's ADA claim for failing to file an EEOC charge before bringing suit). "Each incident of discrimination and each retaliatory adverse employment action decision constitutes a separate actionable unlawful employment practice that must be individually addressed before the EEOC." *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) (internal quotations omitted). If the EEOC issues to the claimant a right-to-sue letter following its investigation, the charge limits the scope of the subsequent civil action because "the plaintiff may [only] seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006) (quoting *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 886 (8th Cir. 1998)). "Permitting claims to be brought in court which are outside the scope of the EEOC charge would circumscribe the EEOC's investigatory and conciliatory role and deprive the charged party of notice of the charge." *Id*.

The Eighth Circuit "does not require that subsequently-filed lawsuits mirror the underlying administrative charges as long as the sweep of any subsequent judicial complaint"

does not go beyond "the scope of the EEOC investigation which could reasonably be expected to grow out of the charge." *Wedow v. City of Kansas City, Missouri*, 442 F.3d 661, 674 (8th Cir. 2006) (internal quotations omitted). Here, the sweep of Voss's complaint does just that.

In the amended EEOC charge, Plaintiff describes his claim as follows:

> I was hired on or about 12/1/99. My position is Maintenance Supervisor. On or about 2/24/14, the company drug tested employees. On or about 3/13/14, after I tested positive for prescription drugs, the Executive Director demanded a list of all medications that I take. I provided a prescription of the drug that caused the positive results. On or about 3/13/14, I was placed on suspension. On or about 4/25/14, I received a letter of termination. On or about 5/14/14, I returned to work. The Executive Director questioned me as to whether or not I filed an EEOC complaint. I was threatened with termination if I test positive for prescription drugs again. I was also required to list my disabilities.
> I was told by the Executive Director that he needs a list of all medications that I take. I received a letter in April 2014 which said to continue my employment, I must provide information pertaining to this prescription and my ability to perform job duties to the Executive Director by 5/2/14 and returned to work by 5/5/14. If I fail to do so, my employment will be terminated for cause on 5/5/14.

ECF No. 24-5.

*a. Hostile Work Environment and Demotion*

Voss fails to address the Housing Authority's argument that his hostile work environment claim and demotion claim are administratively exhausted. Thus, it appears that Voss has abandoned these claims. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument."); *see also Allen v. Missouri*, No. 4:11-CV-2224-JAR, 2013 WL 2156259, at *12 (E.D. Mo. May 17, 2013) (construing plaintiff's failure to respond to defendant's motion regarding some of the claims as plaintiff's abandonment of those claims).

Regardless of whether Voss has abandoned his hostile work environment and demotion claims, these claims are procedurally barred because Voss has not exhausted his administrative

remedies. Voss's amended EEOC charge makes no mention of a hostile work environment, demotion, restriction of work duties, or any other adverse employment actions other than suspension and termination.[5] Voss does not argue that either the hostile work environment claim or demotion claim grows out of or is reasonably related to the claim of termination or suspension. Moreover, the Eighth Circuit has repeatedly rejected arguments that discrimination claims not included in an EEOC charge are reasonably related to the different types of discrimination claims that were included in Voss's EEOC charge. *See, e.g.*, *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 853 (8th Cir. 2012) (retaliation claims not reasonably related to underlying discrimination claims); *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 673 (8th Cir. 1994) (racial harassment claim not reasonably related to discriminatory discharge claim).

Voss sets forth straightforward and limited allegations in his amended EEOC charge, and the Court finds that the amended charge would not have lead the EEOC to investigate whether Voss was subject to a hostile working environment while employed at the Housing Authority or whether Voss was demoted because of a perceived disability. *See Sellers*, 791 F.3d at 943 (demotion claim prohibited when not asserted in EEOC charge). Thus, the Court finds that Voss has failed to administratively exhaust his hostile work environment claim and demotion claim.

### *b. Constructive Discharge*

Voss claims that the Housing Authority's "harassment and mistreatment of [Voss] constituted a constructive termination." ECF No. 1, p. 8. The Housing Authority argues that this claim has not been administratively exhausted. The Court agrees with the Housing Authority. The Court has already discussed the requirements for administration exhaustion. These same requirements apply to Voss's constructive discharge claim.

---

[5] In the amended EEOC charge, Voss states that he received a letter of termination on April 25, 2014. ECF No. 24-5. Voss, however, was never terminated. The letter that Voss received only threatened termination if he did not provide the requested information regarding his hydrocodone prescription. ECF No. 24-1, p. 19.

Voss resigned from his job at the Housing Authority on May 19, 2014. Voss signed his amended EEOC charge on May 16, 2014, and it was marked received on May 19, 2014. The amended EEOC charge states that Voss was threatened with termination, but it contains no allegations that any actions by the Housing Authority forced him to resign. Voss did not file a new charge after he resigned from employment.

The alleged constructive discharge, which occurred after Voss submitted his amended EEOC charge, was a discrete act that constituted a different alleged unlawful employment practice that is not like or reasonably related to Voss's EEOC allegations. *See Richter*, 686 F.3d at 851 ("Each discrete act is a different unlawful employment practice for which a separate charge is required."); *see also Wilkes v. Nucor-Yamato Steel Co.*, 2015 WL 5725771, at *10-11 (E.D. Ark. Sept. 29, 2015) (plaintiff failed to exhaust her administrative remedies as to her termination claim where she did not file an additional charge with the EEOC after her termination). Voss argues that the amended EEOC charge "cover[s] his constructive discharge [claim]," because it "states that the [Housing Authority] retaliated against him by revoking his duties and that the adverse action was ongoing." ECF No. 29, p. 9. Voss asserts that this "same ongoing action is what constituted the constructive discharge." ECF No. 29, p. 9. However, the amended EEOC charge does not contain any allegation that the Housing Authority revoked any of Voss's job duties. Thus, the constructive discharge claim cannot be based on this allegedly ongoing adverse action.

Voss sets forth straightforward and limited allegations in his amended EEOC charge. The amended charge does not contain an allegation that Voss was constructively discharged. The Court finds that nothing in the amended charge would have led the EEOC to investigate

whether Voss was constructively discharged. Thus, the Court finds that Voss has failed to administratively exhaust his constructive discharge claim, and it must be dismissed.

### B. Due Process Violation

Plaintiff claims that the actions of Executive Director Wyse and the Housing Authority deprived Voss of a protected property interest "by arbitrarily placing him on leave and for delaying his pay during that leave." ECF No. 1, p. 9. Plaintiff alleges that "Defendants' wrongful constructive termination of [Voss] and diminishing job capacity violated the due process rights of [Voss]." ECF No. 1, p. 9. In the order adopting in part and denying in part the Report and Recommendation regarding Defendants' motion to dismiss, the Court interpreted these statements as Voss alleging a procedural due process claim in connection with a protected property interest in his employment. ECF No. 20, p. 4. Specifically, the Court stated that "[i]t appears that [Voss] is claiming a property interest based upon the existence of an implied contract extrapolated from policies and procedures of the Housing Authority." ECF No. 20, p. 5. In the Court's order adopting in part and denying in part the Report and Recommendation, the Court analyzed the due process claim in conjunction with 42 U.S.C. § 1983, even though the complaint does not specifically reference the statute.[6] The complaint does allege that "Defendants acted under color of law." ECF No. 1, p. 2.

Voss's "federal constitutional claim depends upon [him] having a property interest in continued employment under state law." *Bennett v. Watters*, 260 F.3d 925, 928 (2001). "A property interest arises from a 'legitimate claim of entitlement' to continuing employment." *Id*. (citing *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701 (1972)). Under Arkansas law, an employee may be terminated at any time with or without cause. *Id*. However, if an

---

[6] In Voss's response to the summary judgment motion, he affirms that he is making a § 1983 claim. ECF No. 29, p. 10.

employee relies upon a personnel manual that contains an express provision against termination except for cause, he may not be arbitrarily discharged in violation of such a provision. *Id.*

Voss argues that the Housing Authority's policies "created an expectation and indeed a promise that he would not be terminated without proper justification." ECF No. 29, p. 10. Voss has not identified a provision in the Housing Authority's personnel policy that states an employee will only be terminated for cause. In fact, the Housing Authority's personnel policy specifically states that its employees are employed at-will. ECF No. 24-1, p. 28. Because Voss was employed at-will, he had no protected property interest in continued employment. Thus, Defendants are entitled to summary judgment on this claim.

### *C. Title VII Retaliation*

Voss alleges that the Housing Authority retaliated against him for reporting unlawful discrimination based on race. ECF No. 1, p. 10. The Housing Authority argues that this claim has not been administratively exhausted, as Voss's amended EEOC charge does not mention retaliation for reporting unlawful discrimination based on race. The Court has already discussed the requirements for administration exhaustion. These same requirements apply to Voss's retaliation claim.

Voss's complaint alleges that he was retaliated against for reporting unlawful discrimination based on race. In contrast, the amended EEOC charge alleges that the Housing Authority retaliated against Voss for filing an EEOC charge based on ADA violations. The amended EEOC charge contains no allegation that Voss complained of or reported unlawful discrimination based on race in violation of Title VII. Voss sets forth straightforward and limited allegations in his amended EEOC charge. The Court finds that nothing in the amended charge would have led the EEOC to investigate whether Voss was retaliated against for reporting

discrimination based on race. Thus, the Court finds that Voss has failed to administratively exhaust his retaliation claim, and it must be dismissed.

## CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion for Summary Judgment (ECF No. 24) should be and hereby is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. A Judgment of even date consistent with this opinion shall issue.

IT IS SO ORDERED, on this 21st day of June, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge